09-00501

**EXEMPTION AND MODIFICATION CLAIM FORM, WAGE EXECUTION**

JD-CV-3a Rev. 12-05
C.G.S. § 31-58c, 52-212, 52-350a, 52-352b, 52-361a, 52-361b, 29 U.S.C. 206(a)(1)

NAME AND MAILING ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY
(To be completed by judgment creditor)

TO:
Richard Altman
149-10 183rd Street
Jamaica, NY 11413-4035



**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov

**INSTRUCTIONS**

**TO PROPER OFFICER:** Complete Section II below and make service on employer in accordance with the instructions on form JD-CV-3

**TO EMPLOYER:** Complete Section III below and immediately deliver to employee.

---

**SECTION I** (Judgment Creditor must complete this section and attach to one copy of the wage execution application (JD-CV-3))

[X] JUDICIAL DISTRICT   [ ] HOUSING SESSION   [ ] G.A. NO.

NAME AND ADDRESS OF COURT
USBC District of Connecticut, 915 Lafayette Blvd., Bridgeport, CT 06604

NAME OF CASE
Jason M. Rund, Chapter 7 Trustee v. Richard Altman

DOCKET NUMBER
5:09-MP-501

NAME OF JUDGMENT DEBTOR
Richard Altman

**SECTION II** (Proper Officer must complete this section)

NAME OF PROPER OFFICER | DATE OF SERVICE OF WAGE EXECUTION ON EMPLOYER

**SECTION III** (Employer must complete this section and IMMEDIATELY send one copy of this form and the Wage Execution form (JD-CV-3) to the judgment debtor pursuant to General Statutes section 52-361a(d).)

NAME AND ADDRESS OF EMPLOYER: IJS Global, 5 High Ridge Park, Stamford CT 06905
TELEPHONE NO. OF PAYROLL DEPT: 203-504-9765
DATE OF DELIVERY OR MAILING TO JUDGMENT DEBTOR: 10/16/09
TOTAL AMOUNT OF WAGE EXECUTION: $27,700.00
AMOUNT TO BE TAKEN OUT FROM WEEKLY EARNINGS: $525.31

**SECTION IV — NOTICE TO JUDGMENT DEBTOR**

As the result of a judgment entered against you, the attached execution has been issued against wages earned by you from the employer named above. In compliance with this execution, beginning 20 days from the Date of Service of Wage Execution on Employer indicated above, the employer will remove from your weekly earnings an amount of money which leaves you with the greater of seventy-five percent of your disposable earnings OR forty times the higher of the minimum hourly wage prescribed by federal law or state law. On page two of this form are those sections of the general statutes which your employer must follow in determining the weekly amount that may be taken out of your wages to satisfy the wage execution. If you determine that your employer has not calculated the weekly amount correctly you should bring this to your employer's attention.

**YOUR EARNINGS MAY BE EXEMPT FROM EXECUTION** — Any wages earned by a public assistance recipient under an incentive earnings or similar program are exempt from execution. (Gen. Stat. § 52-352b(d))

**HOW TO CLAIM AN EXEMPTION ALLOWED BY LAW** — If you wish to claim that your earnings are exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and return this exemption and modification claim form to the Superior Court at the above address.

Upon receipt of this form the clerk of the Superior Court will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim. If this form is received by the court no later than 20 days from the Date of Service of Wage Execution on Employer indicated above, the employer will not begin withholding your earnings until after your claim is determined by the court. A claim may also be filed after the 20 day period. No earnings claimed to be exempt may be withheld from any employee until determination of the claim.

**MODIFICATION OF EXECUTION** — If you have reasonable cause to believe that you are entitled to a modification of the wage execution and wish to have the execution so modified, you must fill out the Claim for Modification on page 2 of this form and return this exemption and modification claim form to the Superior Court at the above address.

Upon receipt of this form the clerk of Superior Court will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim. If this form is received by the court no later than 20 days from the Date of Service of Wage Execution on Employer indicated above, the employer will not begin withholding your earnings until after your claim is determined by the court. A claim may also be filed after the 20 day period. No earnings subject to a claim for modification may be withheld from any employee until determination of the claim.

**SETTING ASIDE JUDGMENT** — If the judgment was rendered against you because of your failure to appear in court, you may, pursuant to section 52-212 of the general statutes, within four months of the date judgment was rendered and upon belief that you have reasonable cause, move the court to set aside the judgment entered against you.

**For Court Use Only**
FILE DATE

## SECTION V - CLAIM OF EXEMPTION ESTABLISHED BY LAW

I, the Judgment Debtor hereby claim and certify under the penalty of false statement that my earnings are exempt from execution because:

☐ I am a public assistance recipient earning wages under an incentive earnings or similar program and my earnings are exempt from execution, or

☐ Other statutory exemption (state exemption and statutory citation) _____

| SIGNED (Judgment Debtor) | DATE SIGNED | NAME AND ADDRESS OF JUDGMENT DEBTOR | TELEPHONE NO |
|---|---|---|---|
|  |  |  |  |

## SECTION VI - CLAIM FOR MODIFICATION

I, the Judgment Debtor hereby move for a modification of the wage execution issued against me as follows:

| NEW AMOUNT REQUESTED | DESCRIBE NATURE OF CLAIM FOR MODIFICATION |
|---|---|
| $25.00 /PER WEEK | Pursuant to court order (attached), I currently pay 66% of my disposable earnings ($1384.61/wk; $6,000/mo) in child support and alimony. The additional $525.31/wk. wage execution would result in over 90% of my disposable earnings being garnished. Moreover, this will go to over 100% after 12/31/09 when my employer starts the 2010 FICA deductions. This will leave me unable to pay my child support and alimony. |

| SIGNED (Judgment Debtor) | DATE SIGNED | NAME AND COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | TELEPHONE NO |
|---|---|---|---|
| /s/ | 11/3/09 | IJS, 5 High Ridge Park, #100, Stamford, CT 06905 | 203-504-977_ |

## SECTION VII - STIPULATION TO MODIFICATION

The Judgment Creditor(s) in this matter hereby agree to the modification of the Wage Execution claimed above

| SIGNED (Judgment Creditor(s) or Attorney) | DATE |
|---|---|
|  |  |

## SECTION VIII - NOTICE OF HEARING ON EXEMPTION/MODIFICATION CLAIM

| DATE OF HEARING | TIME OF HEARING | COURTROOM | BY THE ASSISTANT CLERK |
|---|---|---|---|
|  | . M. |  |  |

## SECTION IX - ORDER OF COURT

ORDERED that:

| SIGNED (Judge, Magistrate, Assistant Clerk) | DATE SIGNED |
|---|---|
|  |  |

BY ORDER OF THE COURT

## GENERAL STATUTES

1. The following is that part of General Statutes section 52-361a(f) which denotes what portion of your wages is subject to execution.

The maximum part of the aggregate weekly earnings of an individual which may be subject under this section to levy or other withholding for payment of a judgment is the lesser of (1) twenty-five percent of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed forty times the higher of (A) the minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938, 29 U.S.C. section 206(a)(1), or (B) the full minimum fair wage established by subsection (j) of section 31-58, in effect at the time the earnings are payable.

2. The following is that part of General Statutes section 52-350a(4) which defines disposable earnings and which defines portions of your wages which must be excluded from your total earnings when calculating the weekly amount which is subject to execution.

"Disposable earnings" means that part of the earnings of an individual remaining after the deduction from those earnings of amounts required to be withheld for payment of federal income and employment taxes, normal retirement contributions, union dues and initiation fees, group life insurance premiums, health insurance premiums and federal tax levies.